DARWIN STEPHENS, ADMR., v. CINCINNATI TRACTION CO.

1. DUTY OF TRACTION COMPANY AS TO WARNING AND SPEED OF CAR APPROACHING PUBLIC CROSSING TOWARDS WHICH CHILDREN WERE WALKING.

A traction company, without warning, running a car at full speed while approaching a public crossing, although not a street intersection, is negligent, especially since deceased and several other children were walking on the sidewalk toward the crossing with their backs to the car and in full view of the motorman.

2. REASONABLENESS OF SPEED OF STREET CAR AT CROSSING A QUESTION FOR JURY.

If a child struck by a street car at a public crossing might have passed over the tracks in safety and escaped collision by the car's running at a reasonable speed, a greater speed may be deemed the proximate cause thereof. Whether the rate of speed was reasonable or unreasonable at that particular place and under all the circumstances, is a question for the jury.

3. INSTRUCTION FIXING LIABILITY FOR NEGLIGENT OPERATION OF STREET CAR AT INSTANT CHILD KILLED ATTEMPTED TO CROSS TRACK AT PUBLIC CROSSING, IS ERRONEOUS.

An instruction in an action against a traction company for the wrongful death of a child killed by a street car while on a public crossing, that requires a verdict for defendant regardless of any act of negligence on the part of the motorman' in the operation of the car prior to the instant the child attempted to cross the track, is erroneous.

ERROR to Hamilton common pleas court.

**E. S. Aston,** and **T. L. Michie,** for plaintiff in error:

Cited and commented upon the following authorities: 2 Thompson, Negligence Secs. 1392, 1395, 1401, 1424, 1425; *Cincinnati St. Ry.* v. *Snell,* 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276]; *West Chicago St. Ry.* v. *Stoltenberg,* 62 Ill. App. 420; *Rosenberg* v. *Railway,* 168 Mass. 561 [47 N. E. Rep. 435]; *Evansville St. Ry.* v. *Gentry,* 147 Ind. 408 [44 N. E. Rep. 311; 37 L. R. A. 378; 62 Am. St. Rep. 421]; *Dunican* v. *Railway,* 39 App. Div. 497 [57 N. Y. Supp. 326].

**Outcalt & Hickenlooper,** for defendant in error.

**GIFFEN, J.**

The negligence charged in the petition is running one of defendant's cars at a dangerous rate of speed, omitting to keep a proper look-out, omitting to give proper signal, and omitting to apply brakes and check the speed of the car while the deceased was crossing the highway,

Hamilton County.

at a public crossing. The jury returned a verdict for the defendant, and the only error relied on is the giving of the following instruction in writing before argument:

"If the jury find from the testimony in this case that the deceased, Emily Stephens, so suddenly left the sidewalk on the north side of Liston avenue and ran into the street diagonally toward the car tracks, that the motorman of said car could not, in the exercise of ordinary care, have anticipated the action of the child, in so leaving the sidewalk and running into the street, in time to avoid a collision, and that a collision did occur between said car and said child, resulting in injuries to the child from which she subsequently died, then I charge you that such collision was an accident for which the defendant traction company would not be liable, and your verdict must be for the defendant."

It is claimed by counsel for plaintiff in error that this instruction takes from the consideration of the jury all questions of negligence of the defendant in operating its car prior to the time that the little girl left the sidewalk. While on the other hand, counsel for the defendant in error claim that it is immaterial at what rate of speed the car was running, as the collision would have occurred although the car was running at a reasonable rate of speed, and that therefore the speed of the car was not the proximate cause of the collision.

The evidence does not warrant the latter assumption, as plaintiff's testimony tended to prove that the car was running at the rate of twenty miles an hour, and the motorman called by defendant testified that the speed was the highest at which the car could be operated.

Plaintiff's evidence tended to prove further that while the child ran from the curb to the point of collision, a distance of about seven feet, the car moved 180 feet, and that if the car had been running at the rate of ten miles an hour the child could have run seven feet further to a place of safety before the car reached the point of collision.

The distinct qualification of the special instruction is contained in the clause "in time to avoid a collision."

The faster the speed the less time the motorman had to avoid the collision; and if by running the car at a maximum reasonable rate of speed the child could and would have passed over the track in safety, then the greater rate of speed was undoubtedly the proximate cause of the collision. The question of what was a reasonable or unreasonable rate of speed at this place and under the circumstances was properly for the jury. We cannot say as matter of law that any speed greater than ten and less than twenty miles an hour would be unreasonable and

dangerous; but it is clear that the defendant was not justified in running its car at full speed, without warning, when approaching a public crossing, although the same was not a street intersection. The very fact that several children with their backs to the car were walking on the sidewalk toward the crossing, although not indicating an intention to cross, called for a warning from the motorman.

The jury were bound, under this instruction, to return a verdict for the defendant, regardless of any alleged act of negligence except not keeping a proper lookout prior to the time when the motorman, in the exercise of ordinary care, could anticipate the action of the child in leaving the sidewalk.

While it is true that the child was not on the flag-stones forming the crossing, yet she was so near to the same that the ordinary precautions required at street crossings would probably have protected her. At all events the jury were not permitted to determine such questions. We think the court erred to the prejudice of the plaintiff.

Judgment reversed and cause remanded.

**Smith** and **Swing, JJ.,** concur.